**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Daniel D. Domenico**

Civil Action No. 1:26-cv-00600-DDD-STV

JOSUE GABRIEL MELGAR HERNANDEZ,

 Petitioner,

v.

TODD BLANCHE, in his official capacity as Acting U.S. Attorney
 General;
GEORGE VALDEZ, in his official capacity as U.S. Immigration and
 Customs Enforcement Acting Field Office Director for the Colorado
 Field Office;
MARKWAYNE MULLIN, in his official capacity as Secretary, U.S.
 Department of Homeland Security; and
JUAN BALTAZAR, in his official capacity as Warden of GEO Group
 Aurora, Inc.,

 Respondents.[1]

---

**ORDER DENYING WRIT OF HABEAS CORPUS**

---

Petitioner Josue Gabriel Melgar Hernandez petitions for a writ of habeas corpus directing his release from immigration detention. Doc. 1. For the following reasons, the petition is denied.

**BACKGROUND**[2]

The petitioner is a twenty-two-year-old native and citizen of Honduras. Doc. 1 at 2, 8-9; Doc. 12 at 3. He entered the United States without

---

[1] To the extent that any of the original respondents has ceased to hold office during the pendency of this action, that party's successor "is automatically substituted as a party," and "any misnomer not affecting the parties' substantial rights must be disregarded." Fed. R. Civ. P. 25(d).

[2] In this Order, all pinpoint citations to the record use the blue page number appended by the Court's Electronic Case Filing system at the

inspection on November 25, 2019. Doc. 1 at 2, 5, 8-9, 11; Doc. 12 at 3. The petitioner was apprehended near the border shortly after crossing, but he was not placed in expedited removal proceedings under 8 U.S.C. § 1225(b)(1) at that time, and he was only "briefly detained." Doc. 1 at 5, 6, 8-9, 11. After being released, the petitioner lived in the United States without incident until November 16, 2025, when he was rearrested by the Department of Homeland Security. Doc. 1 at 2, 4, 6, 8, 11; Doc. 12 at 3. The petitioner has remained in immigration detention since that time and has not been given a bond hearing. Doc. 1 at 2, 4-7, 8-9, 11. The respondents contend that the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and thus is not eligible for a bond hearing. Doc. 1 at 2, 4-6, 9; Doc. 12 at 1-3, 4-8, 11-14.

DHS has initiated removal proceedings under 8 U.S.C. § 1229a, charging the petitioner with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being an alien present in the United States without being admitted or paroled or who arrived in the United States at an undesignated time or place. Doc. 1 at 8-9; Doc. 12 at 3. The petitioner has submitted an I-589 application for asylum or withholding of removal. Doc. 1 at 9. His removal proceedings are ongoing. Doc. 1 at 8-9; Doc. 12 at 3.

The petitioner argues he is entitled to a bond hearing: (1) as a member of the "bond eligible class" certified in *Bautista v. Santacruz* (*Bautista I*), 813 F. Supp. 3d 1084 (C.D. Cal. 2025); (2) under 8 U.S.C. § 1226(a), because detention under 8 U.S.C. § 1225(b)(2)(A) is unlawful; and (3) because continued detention violates his due-process rights. *See* Doc. 1 at 2-7, 10-12.

---

top of each page, which may differ from a document's internal pagination.

## APPLICABLE LAW

### I. Habeas Corpus

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief may be granted if a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to hear statutory and constitutional challenges to immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516-17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001); *Sierra v. INS*, 258 F.3d 1213, 1217-18 (10th Cir. 2001).

### II. Statutory Framework Governing Immigration Detention

While removal proceedings are being adjudicated, a noncitizen may be detained pursuant to either 8 U.S.C. § 1225 or 8 U.S.C. § 1226. *See Jennings v. Rodriguez*, 583 U.S. 281, 287-89 (2018).

Section 1225 applies to "applicants for admission," which the statute defines as an "alien present in the United States who has not been admitted or who arrives in the United States[, ]whether or not at a designated port of arrival."[3] 8 U.S.C. § 1225(a)(1). "Admitted" and "admission" mean "the lawful entry of [an] alien into the United States after

---

[3]   The statutory phrase "alien . . . who arrives in the United States" is broader than the regulatory definition of "arriving alien," which is "an applicant for admission coming or attempting to come into the United States at a port-of-entry." 8 C.F.R. §§ 1.2, 1001.1(q); *In re Q. Li*, 29 I. & N. Dec. 66, 68 n.2 (B.I.A. 2025). The terms "alien" and "noncitizen" are synonymous. *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

inspection and authorization by an immigration officer," 8 U.S.C. § 1101(a)(13)(A), not simply physical entry into the country. *See United States v. Gaspar-Miguel*, 947 F.3d 632, 633-34 (10th Cir. 2020) (discussing history of Immigration and Nationality Act and distinction between "entry" and "admission").

Under Section 1225(b)(1), applicants for admission "arriving in the United States" and applicants for admission who have not been paroled into the United States and have not been present in the country for at least two years are subject to expedited removal proceedings if an immigration officer determines they are inadmissible on certain grounds, and they may be ordered removed "without further hearing or review" unless they demonstrate a credible fear of persecution.[4] 8 U.S.C. § 1225(b)(1)(A)-(B); *see also Thuraissigiam*, 591 U.S. at 107-11. Applicants for admission in expedited removal proceedings are subject to mandatory detention while those proceedings are pending. 8 U.S.C. § 1225(b)(1)(B)(ii) & (iii)(IV); *see also Jennings*, 583 U.S. at 302; *Thuraissigiam*, 591 U.S. at 111. Under Section 1225(b)(2), in the case of all other applicants for admission, "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted," the alien is subject to mandatory detention during the pendency of standard removal proceedings under

---

[4] Those "arriving in the United States" are automatically subject to expedited removal if they are inadmissible on one of the specified grounds, while those who have been present in the United States for less than two years may be subject to expedited removal in the discretion of the Secretary of Homeland Security. 8 U.S.C. § 1225(b)(1)(A)(i) & (iii)(I)-(II); *see also DHS v. Thuraissigiam*, 591 U.S. 103, 109 & n.3 (2020); 6 U.S.C. §§ 251(2), 557; 8 C.F.R. § 235.3(b)(1)(ii). Not all noncitizens subject to expedited removal are in fact placed in such proceedings, and the government has discretion to place them in standard removal proceedings under 8 U.S.C. § 1229a even if expedited removal could be applied to them. *Flores v. Barr*, 934 F.3d 910, 917 (9th Cir. 2019) (citing *In re E-R-M*, 25 I. & N. Dec. 520, 521-22 (B.I.A. 2011)).

Section 1229a.[5] 8 U.S.C. § 1225(b)(2)(A); *see also Jennings*, 583 U.S. at 287 (Section 1225(b)(2) "serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)"); 8 C.F.R. § 235.3(b)(1)(ii) ("An alien who was not inspected and admitted or paroled into the United States but who . . . has been . . . physically present in the United States for [two years] shall be detained in accordance with section [1225(b)(2)] for a proceeding under section [1229a]."). Noncitizens subject to mandatory detention under Section 1225(b)(1) or (b)(2) may be released on "humanitarian" parole in the discretion of the Secretary of Homeland Security,[6] but they are not entitled to a bond hearing before an immigration judge. *See* 8 U.S.C. § 1182(d)(5)(A) (Secretary may "parole into the United States . . . on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission"); *Biden v. Texas*, 597 U.S. at 806-07 (discussing humanitarian parole); *Jennings*, 583 U.S. at 297-98, 300 (no bond hearing).

---

[5] It is an open question whether the government violates Section 1225(b)(2)(A) if it does not detain applicants for admission that fall within its purview, or if this mandatory-detention provision "must be read in light of traditional principles of law enforcement discretion." *Biden v. Texas*, 597 U.S. 785, 803 n.5, 807 (2022).

[6] It is unsettled whether an applicant for admission who entered the country unlawfully is eligible for humanitarian parole. *Compare Texas v. DHS*, 756 F. Supp. 3d 310, 317-31, 353-57 (E.D. Tex. 2024) (discussing history of INA and parole "into the United States" and holding that noncitizens who enter unlawfully may not be "paroled in place" unless they fall within certain statutory exceptions), *with Authority to Parole Applicants for Admission Who Are Not Also Arriving Aliens*, INS Legal Op. No. 98-10, 1998 WL 1806685 (1998). Noncitizens who are released on humanitarian parole may be eligible for adjustment to lawful permanent resident status without the necessity of leaving the country, as well as certain other benefits. *See Texas v. DHS*, 756 F. Supp. 3d at 324-25.

Section 1226(a) applies to noncitizens arrested "[o]n a warrant,"[7] who may then be "detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). The group of noncitizens who may be arrested and detained under Section 1226(a) is not limited to applicants for admission. Noncitizens who have been admitted to the United States but are removable on various grounds—for example, an alien who was admitted on a visa that has since been revoked, or a lawful permanent resident who is convicted of certain crimes—may be arrested under Section 1226(a) and placed in removal proceedings under Section 1229a. *See* 8 U.S.C. § 1227(a) (defining classes of admitted deportable aliens). Except for certain criminal aliens, noncitizens who are arrested and detained under Section 1226(a) are entitled to a bond hearing before an immigration judge and may be released on bond or "conditional" parole.[8] 8 U.S.C. § 1226(a) & (c); 8 C.F.R.

---

[7]    Section 1226(a) "authorizes detention only '[o]n a warrant issued' . . . leading to the alien's arrest." *Jennings*, 583 U.S. at 302; *accord Nielsen v. Preap*, 586 U.S. 392, 410 (2019) ("the need for a warrant" is a procedural requirement for arrest under Section 1226(a)). But immigration officers are authorized to arrest "any alien in the United States" without a warrant if there is "reason to believe that the alien so arrested is in the United States in violation of [the immigration laws] and is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2).

[8]    Conditional parole under Section 1226(a)(2)(B) does not confer the same benefits as humanitarian parole under Section 1182(d)(5)(A), such as eligibility for adjustment to lawful permanent resident status. *Cruz-Miguel v. Holder*, 650 F.3d 189, 193 (2d Cir. 2011) (collecting cases); *Texas v. DHS*, 756 F. Supp. 3d at 355; *Singh v. Noem* (*Bachitar Singh*), No. CIV 25-1110 JB/KK, 2026 WL 146005, at *17 (D.N.M. Jan. 20, 2026) ("Conditional parole does not confer entry [and] does not alter an alien's status as an applicant for admission[.] . . . [It] is similar to bail in the criminal context."); *In re Castillo-Padilla*, 25 I. & N. Dec. 257 (B.I.A. 2010), *aff'd*, 417 F. App'x 888 (11th Cir. 2011). Only applicants for admission are eligible for humanitarian parole. *See* 8 U.S.C. § 1182(d)(5)(A) (Secretary may parole "any alien applying for admission").

§§ 236.1(d)(1), 1236.1(d)(1); *see also Jennings*, 583 U.S. at 306; *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 & n.2 (2021). Certain criminal aliens are subject to mandatory detention while their removal proceedings are pending and may not be released on bond, conditional parole, or humanitarian parole. 8 U.S.C. § 1226(a) & (c)(4).

## DISCUSSION[9]

### I.   The petitioner is not a member of the *Bautista* class.

The petitioner first argues that a bond hearing is required in light of the judgment entered in *Bautista I. See also Bautista v. Santacruz* (*Bautista II*),   — F. Supp. 3d —,   No. 5:25-cv-01873-SSS-BFM,   2026   WL 468284 (C.D. Cal. Feb. 18, 2026).

The *Bautista* court certified the following class:

> **Bond Eligible Class:** All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) *were not or will not be apprehended upon arrival*; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Bautista I*, 813 F. Supp. 3d at 1127 (italics added). The petitioner is not a member of the *Bautista* class because he "was apprehended by immigration authorities shortly after crossing" the border. Doc. 1 at 8; *accord Singh v. Blanche* (*Gurmeet Singh*), No. 1:26-cv-00421-DDD-KAS, slip op. at 7-8 (D. Colo. Apr. 15, 2026), ECF No. 12. And even if the petitioner were a member of the *Bautista* class, the Central District of California's judgment is not binding in habeas proceedings outside that district for a number of reasons, including the fact that the Ninth Circuit has stayed the district court's judgment in *Bautista* pending appeal, "insofar as [it]

---

9    Because the relevant facts are not in dispute and the petitioner's challenge to detention is fundamentally legal in nature, I have determined that a hearing is not necessary in this case.

extend[s] beyond the Central District of California." *Bautista v. DHS* (*Bautista III*), No. 25-7958, slip op. at 1-4 (9th Cir. Mar. 31, 2026), ECF No. 14 (finding government likely to succeed on position that district court exceeded its jurisdiction in certifying nationwide class); *see also Gurmeet Singh*, slip op. at 8-9 (collecting cases); *Valle-Rodriguez v. Hagan*, No. 1:26-cv-00609-DDD-CYC, slip op. at 15-17 (D. Colo. Apr. 22, 2026), ECF No. 11 (same).

The petitioner is therefore not entitled to habeas relief on the basis of the *Bautista* class action.

## II. The petitioner is subject to mandatory detention under Section 1225(b)(2)(A).

The petitioner next argues that detention under Section 1225(b)(2)(A) is unlawful, and a bond hearing is required under Section 1226(a).

This case is one of many filed in recent months, in this District and across the country, raising the question of whether a noncitizen who has not been lawfully admitted to the United States but who has been living in the country for some appreciable amount of time is properly subject to mandatory detention under Section 1225(b)(2)(A) or may only be detained under Section 1226(a) (with the opportunity for a bond hearing) while his or her removal proceedings are pending. *See, e.g.*, *Coronado v. Sec'y, DHS*, No. 1:25-cv-831, 2025 WL 3628229, at *7 (S.D. Ohio Dec. 15, 2025) (noting that as of December 2025, "district courts have issued more than 700 decisions addressing the topic"); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 500 (5th Cir. 2026) (noting that as of February 2026, "well over a thousand aliens have filed habeas corpus petitions seeking bond hearings").

The majority of district courts have found that detention of noncitizens similar to the petitioner under Section 1225(b)(2)(A) is improper,

and those courts have ordered that such noncitizens be provided with bond hearings under Section 1226(a) or released.[10] A "small but growing number of courts," however, "have reached the opposite conclusion."[11]

---

[10] *See, e.g., Singh v. Baltazar* (*Gurlal Singh*), — F. Supp. 3d —, No. 1:26-cv-00336-CNS, 2026 WL 352870 (D. Colo. Feb. 9, 2026); *Abanil v. Baltazar*, — F. Supp. 3d —, No. 25-cv-4029-WJM-STV, 2026 WL 100587 (D. Colo. Jan. 14, 2026); *Aleman Hernandez v. Baltazar*, No. 1:25-cv-3688-SKC-SBP, 2025 WL 3718159 (D. Colo. Dec. 23, 2025); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019 (D. Colo. Dec. 18, 2026); *Arredondo v. Baltazar*, No. 1:25-cv-03040-RBJ, 2025 WL 4083607 (D. Colo. Oct. 31, 2025); *Hernandez Vazquez v. Baltasar*, No. 25-cv-03049-GPG, 2025 WL 4083603 (D. Colo. Oct. 23, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025); *Mendoza Gutierrez v. Baltasar*, No. 25-CV-2720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); *Lira-Jarquin v. Noem*, No. 26-cv-00588-STV, 2026 WL 864190 (D. Colo. Mar. 30, 2026); *Hernandez Murillo*, No. 25-cv-04163-TPO, 2026 WL 662925 (D. Colo. Mar. 9, 2026); *Vasquez Gomez v. Bondi*, No. 26-cv-00489-NRN, 2026 WL 482677 (D. Colo. Feb. 20, 2026); *Merchan-Pacheo v. Noem*, No. 1:25-cv-03860-SBP, 2026 WL 88526 (D. Colo. Jan. 12, 2026); *Facio v. Baltazar*, No. 25-cv-03592-CYC, 2025 WL 3559128 (D. Colo. Dec. 12, 2025); *Requejo Roman v. Castro*, — F. Supp. 3d —, No. 2:25-cv-01076-DHU-JHR, 2026 WL 125681 (D.N.M. Jan. 12, 2026); *Castillo v. Ybarra*, No. CIV 25-1074 JB/JFR, 2026 WL 370497 (D.N.M. Feb. 10, 2026); *Carbajal v. Wimmer*, No. 2:26-cv-00093, 2026 WL 353510 (D. Utah Feb. 9, 2026); *Garcia v. Holt*, No. CIV-25-1225-J, 2025 WL 3516071 (W.D. Okla. Dec. 8, 2025); *Bautista I*, 813 F. Supp. 3d 1084; *Barco Mercado v. Francis*, 811 F. Supp. 3d 487 (S.D.N.Y. 2025) (collecting 350 district-court decisions finding for habeas petitioner and 12 denying habeas relief); *Martinez-Elvir v. Olson*, 807 F. Supp. 3d 725 (W.D. Ky. 2025); *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397 (D.N.J. 2025); *Martinez v. Hyde*, 792 F. Supp. 3d 211 (D. Mass. 2025); *Pacheco v. Crowley*, No. 1:26-CV-02052, 2026 WL 658890 (N.D. Ill. Mar. 9, 2026); *Avelar Ramos v. Bondi*, No. 3:26-cv-112, 2026 WL 614875 (E.D. Va. Mar. 4, 2026); *Yociris P. v. Bondi*, No. 26-cv-1080 (ECT/EMB), 2026 WL 327937 (D. Minn. Feb. 8, 2026), *abrogated by Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Lopez v. Noem* (*Roberto Lopez*), No. 3:26-CV-62-K-BN, 2026 WL 194853 (N.D. Tex. Jan. 26, 2026), *abrogated by Buenrostro-Mendez*, 166 F.4th 494; *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787 (D. Minn. Nov. 25, 2025), *abrogated by Avila*, 170 F.4th 1128.

[11] *See, e.g., Buenrostro-Mendez*, 166 F.4th at 500 n.4 (collecting "notable exceptions"); *Cisneros v. Noem*, — F. Supp. 3d —, No. 2:25-cv-1170-

*Carera v. Bondi*, No. 1:26-cv-00039, 2026 WL 508084 (D.N.D. Feb. 24, 2026) (collecting cases). As of this writing, four circuit courts have

---

HCN, 2026 WL 396300 (D. Utah Feb. 12, 2026); *Cano v. Holt*, No. CIV-25-01228-JD, 2026 WL 736461 (W.D. Okla. Mar. 16, 2026) ("Petitioner claims that 'Courts have uniformly rejected' the Government's" position, "[b]ut that is not accurate, at least not anymore."); *Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344 (W.D. Okla. Jan. 6, 2026); *Chavez v. Noem* (*Ricardo Chavez*), — F. Supp. 3d —, No. CV-26-00323-PHX-MTL (JFM), 2026 WL 381618 (D. Ariz. Feb. 9, 2026) (revisiting previous holding in light of *Buenrostro-Mendez*); *Lopez v. Dir. of Enf't & Removal Operations* (*Andres Lopez*), — F. Supp. 3d —, No. 3:25-cv-1313-JEP-SJH, 2026 WL 261938 (M.D. Fla. Jan. 26, 2026); *Rodriguez v. Olson* (*Francisco Rodriguez*), 814 F. Supp. 3d 945 (N.D. Ill. 2026); *Calderon Lopez v. Lyons* (*Calderon Lopez II*), 814 F. Supp. 3d 733 (N.D. Tex. 2026); *Chen v. Almodovar* (*Xiaoquan Chen*), 815 F. Supp. 3d 314 (S.D.N.Y. 2025), *abrogated by Cunha v. Freden*, — F.4th —, No. 25-3141-pr, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Valencia v. Chestnut*, 809 F. Supp. 3d 1064 (E.D. Cal. 2025); *Altamirano Ramos v. Lyons*, 809 F. Supp. 3d 1015 (C.D. Cal. 2025) (collecting cases); *Chavez v. Noem* (*Jose Chavez*), 801 F. Supp. 3d 1133 (S.D. Cal. 2025); *Rodriguez v. Noem* (*Miguel Rodriguez*), No. 26-cv-20772-ALTMAN, 2026 WL 804148 (S.D. Fla. Mar. 24, 2026); *Ayala v. Harper*, No. 1:26-cv-204-CLM-GMB, 2026 WL 501113 (N.D. Ala. Feb. 23, 2026); *Quizhpi-Guaman v. Searls*, No. 26-CV-71 (JLS), 2026 WL 482588 (W.D.N.Y. Feb. 19, 2026), *abrogated by Cunha*, 2026 WL 1146044; *Alvarez-Felix v. Ramos*, No. 26-1041 (RAM), 2026 WL 438160 (D.P.R. Feb. 17, 2026); *Gonzalez v. Ladwig*, No. 2:26-cv-02017-MSN-atc, 2026 WL 413602 (W.D. Tenn. Feb. 13, 2026); *Guillermo N. v. Bondi*, No. 26-258 (PAM/DLM), 2026 WL 272403 (D. Minn. Feb. 2, 2026) ("[T]he Court determines that the growing minority of district courts to reject Petitioner's argument are correct." (collecting cases)); *Hernandez v. Olson*, No. 25-cv-1670-bhl, 2026 WL 161509 (E.D. Wis. Jan. 21, 2026); *Chen v. Almodovar* (*Yinxiao Chen*), No. 25 Civ. 9670 (JPC), 2026 WL 100761 (S.D.N.Y. Jan. 14, 2026), *abrogated by Cunha*, 2026 WL 1146044; *Alberto Rodriguez v. Jeffreys*, No. 8:25CV714, 2025 WL 3754411 (D. Neb. Dec. 29, 2025); *P.B. v. Bergami*, No. 3:25-CV-02978-O, 2025 WL 3632752 (N.D. Tex. Dec. 13, 2025); *Ugarte-Arenas v. Olson*, No. 25-C-1721, 2025 WL 3514451 (E.D. Wis. Dec. 8, 2025); *Cabanas v. Bondi*, No. 4:25-cv-04830, 2025 WL 3171331 (S.D. Tex. Nov. 13, 2025); *Mejia Olalde v. Noem*, No. 1:25-cv-00168-JMD, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025).

addressed the question, and they have reached different conclusions.[12]
The Tenth Circuit has yet to weigh in.

As I explained in my previous orders addressing this issue, I am per-
suaded that the Fifth and Eighth Circuits and the growing minority of
district courts holding that Section 1225(b)(2)(A) applies to "applicants
for admission" in the petitioner's situation have the better interpreta-
tion of the statutory text. *See Gurmeet Singh*, slip op. at 9-15; *Valle-Ro-
driguez*, slip op. at 8-14. The petitioner acknowledges that he is present
in the United States and has not been lawfully admitted. Doc. 1 at 4-5.
He is therefore an "applicant for admission" under Section 1225(a)(1).
Because he is not in expedited removal proceedings and is not subject to
mandatory detention under Section 1225(b)(1), the Section 1225(b)(2)
"catchall provision" applies, and he is subject to mandatory detention

---

[12] *See Castañon-Nava v. DHS*, 161 F.4th 1048 (7th Cir. 2025) (denying
stay pending appeal of district-court order to release detainees, finding
DHS unlikely to succeed on merits of argument that Sec-
tion 1225(b)(2)(A) "covers any noncitizen who is unlawfully already in
the United States"); *Buenrostro-Mendez*, 166 F.4th 494 (reversing dis-
trict-court orders granting habeas petitions and directing bond hearings
under Section 1226(a), holding petitioners subject to mandatory deten-
tion under Section 1225(b)(2)(A) and not eligible for bond); *Avila*, 170
F.4th 1128 (agreeing with Fifth Circuit majority's analysis in *Buen-
rostro*); *Cunha*, 2026 WL 1146044 (affirming district-court order grant-
ing habeas petition, holding Section 1225(b)(2)(A) "applies only to a
noncitizen who is both an 'applicant for admission' and who is 'seeking
admission,'" *i.e.*, one who presents for admission at a port of entry or who
is apprehended at the border, but not to one who has "entered the inte-
rior unlawfully . . . and is now seeking only relief from removal");
*see also Labrada-Hechavarria v. U.S. Att'y Gen.*, No. 24-10645, 2026
WL 496486 (11th Cir. Feb. 23, 2026) (after government initially argued
petitioners were detained under Section 1226(a) but then reversed posi-
tion and argued they were detained under Section 1225, declining to de-
cide issue and instead vacating and remanding to BIA for reconsidera-
tion in light of recent authorities including *Hurtado*).

under Section 1225(b)(2)(A). *See Gurmeet Singh*, slip op. at 14-15; *Valle-Rodriguez*, slip op. at 13-14.

The petitioner is therefore not entitled to habeas relief on the basis that detention without a bond hearing is unlawful under the INA.

## III. The petitioner's mandatory detention does not violate due process.

The petitioner last argues, briefly, that his continued detention violates the Due Process Clause of the Fifth Amendment.

As I and other courts have previously explained, however, mandatory detention under Section 1225(b) or 1226(c) during the pendency of removal proceedings does not violate noncitizens' procedural or substantive due-process rights, absent some unreasonable delay by the government in pursuing and completing those proceedings. *See Gurmeet Singh*, slip op. at 15-16 (collecting cases); *Valle-Rodriguez*, slip op. at 14-15 (same). The petitioner here has been detained for approximately five-and-a-half months and has not demonstrated that there have been any unreasonable delays in the pending proceedings in immigration court.

The petitioner is therefore not entitled to habeas relief on the basis of the Due Process Clause.

### CONCLUSION

It is **ORDERED** that:

The Court's Order to Show Cause, Doc. 5, is **DISCHARGED**, and the Petition for Writ of Habeas Corpus, **Doc. 1**, is **DENIED** and **DISMISSED WITHOUT PREJUDICE**;

The petitioner's Motion for Ruling and to Enforce Order to Show Cause, **Doc. 10**, is **DENIED AS MOOT**;

Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of Court is **DIRECTED** to: (1) substitute Todd Blanche, in his official capacity

as Acting U.S. Attorney General, in place of Respondent Pamela Bondi; (2) substitute George Valdez, in his official capacity as U.S. Immigration and Customs Enforcement Acting Field Office Director for the Colorado Field Office, in place of Respondent Robert Guadian; and (3) substitute Markwayne Mullen, in his official capacity as Secretary, U.S. Department of Homeland Security, in place of Respondent Kristi Noem; and

The Clerk of Court is **FURTHER DIRECTED** to enter final judgment and close this case.

DATED: April 29, 2026          BY THE COURT:

Daniel D. Domenico
Chief United States District Judge